IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS LEBLANC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-542 (RBW) |

### PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

In support of their motion for expedited summary judgment, Plaintiffs Travis LeBlanc and Edward Felten submit the following Statement of Undisputed Material Facts:

1. Plaintiff Travis LeBlanc was nominated by President Trump in August 2018 to be a Board member of the United States Privacy and Civil Liberties Oversight Board ("PCLOB" or "the Board"), and confirmed unanimously by the Senate in July 2019, for a term expiring January 29, 2022. *See* LeBlanc Decl. ¶ 2.

2. Mr. LeBlanc was renominated by President Biden on March 29, 2022, and confirmed unanimously by the Senate on September 14, 2022, for a second term expiring on January 29, 2028. *See id* ¶ 3.

3. Plaintiff Edward Felten was nominated by President Trump in March 2018 to be a Board member of the PCLOB, and confirmed unanimously by the Senate in October 2018, for a term expiring January 29, 2019. *See* Felten Decl. ¶ 2.

4. Dr. Felten was renominated by President Trump on March 14, 2019 and reconfirmed unanimously by the Senate on June 27, 2019, for a second term that initially ran through January 29, 2025. *See id*.

5. No successor to Dr. Felten has been confirmed, and Dr. Felten is therefore eligible at his election to serve until January 29, 2026. *See id*.

6. Defendant PCLOB is an independent agency composed of individuals with expertise in civil liberties and privacy. 42 U.S.C. §§ 2000ee(a); (h)(2).

7. Plaintiffs have expertise in civil liberties and privacy and experience relevant to their service on the PCLOB. *See* LeBlanc Decl. ¶ 4; Felten Decl. ¶ 3.

8. Defendant Beth A. Williams is a Board member of the PCLOB. *See* PCLOB, *Board Members*, https://www.pclob.gov/Board/Index (last visited Mar. 9, 2025).

9. Defendant Jennifer Fitzpatrick is the Executive Director of the PCLOB. *See* PCLOB, *Board Staff*, https://www.pclob.gov/Staff/Index (last visited Mar. 9, 2025).

10. Defendant Trent Morse is the Deputy Director of Presidential Personnel. *See* LeBlanc Decl. Ex. A; Felten Decl. Ex. A.

11. As of January 20, 2025, PCLOB had four members: Plaintiffs, Defendant Williams, and Sharon Bradford Franklin, the chair. *See* LeBlanc Decl. ¶ 5; Felten Decl. ¶ 4.

12. Ms. Bradford Franklin's term, which had been extended by one year pursuant to the statutory holdover provision, was set to expire on January 29, 2025. *See* LeBlanc Decl. ¶ 5; Felten Decl. ¶ 4.

13. Plaintiffs and Ms. Bradford Franklin are Democrats, while Defendant Williams is a Republican. *See* LeBlanc Decl. ¶ 5; Felten Decl. ¶ 4.

14. On Tuesday, January 21, 2025, at 6:54 p.m., Plaintiffs each received separate emails from Defendant Morse, sent from a White House email address, with the subject line "Privacy and Civil Liberties Oversight Board." The emails stated

> On behalf of President Donald J. Trump, I am writing to request your resignation as a Member of the Privacy and Civil Liberties Oversight Board. Please submit your resignation to me by the close of business on Thursday, January 23, 2025. If we have not received your resignation by that time, your position will be terminated. Should the President determine your services are still needed, you will receive additional correspondence.

*See* LeBlanc Decl. Ex. A; Felten Decl. Ex. A.

15. Defendant Morse did not identify any cause or offer any explanation for the requested resignation or for the threatened termination of Mr. LeBlanc. *See* LeBlanc Decl. Ex. A.

16. Defendant Morse did not identify any cause or offer any explanation for the requested resignation or for the threatened termination of Dr. Felten. *See* Felten Decl. Ex. A.

17. Plaintiffs were not provided advance notice, a hearing, or any other process prior to the President's decision to terminate them. *See* LeBlanc Decl. ¶ 9; Felten Decl. ¶ 8.

18. Plaintiffs did not, and have not, resigned. *See* LeBlanc Decl. ¶ 10; Felten Decl. ¶ 9.

19. On Thursday, January 23, 2025, Defendant Williams informed PCLOB staff that the three Democratic Board members would be terminated that evening. *See* LeBlanc Decl. ¶ 11; Felten Decl. ¶ 10.

20. Defendant Williams ordered PCLOB staff to stay past the close of business on Thursday, January 23, 2025, for the purpose of effectuating Plaintiffs' anticipated removals from the Board. *See* LeBlanc Decl. ¶ 11; Felten Decl. ¶ 10.

21. Plaintiffs did not receive any notice of any termination by the President on Thursday, January 23; Friday, January 24; Saturday, January 25; or Sunday, January 26. *See* LeBlanc Decl. ¶ 12; Felten Decl. ¶ 11.

22. Plaintiffs continued working on PCLOB matters through Monday, January 27. *See* LeBlanc Decl. ¶¶ 12-14; Felten Decl. ¶¶ 11-13.

23. On Monday, January 27, 2025, Defendant Morse notified Defendant Williams to terminate Plaintiffs. *See* LeBlanc Decl. ¶ 13; Felten Decl. ¶ 12.

24. Defendant Williams then directed PCLOB staff to cut off Plaintiffs' access to their PCLOB email accounts, revoke their access to the PCLOB's offices, remove them from the PCLOB website as active Board members, and terminate them from the agency. *See* LeBlanc Decl. ¶ 13; Felten Decl. ¶ 12.

25. On Monday, January 27, Plaintiffs received notifications via Microsoft Outlook that they had been locked out of their PCLOB email accounts. *See* LeBlanc Decl. ¶ 14; Felten Decl. ¶ 13.

26. Subsequently on Monday, January 27, Plaintiffs received, via their non-government email addresses, separate emails from Defendant Morse, with the subject line "Privacy and Civil Liberties Oversight Board." The emails stated:

> Hello,
>
> This email confirms that your position on the Privacy and Civil Liberties Oversight Board was terminated on Thursday, January 23, 2025 at 17:01.

*See* LeBlanc Decl. Ex. B; Felten Decl. Ex. B.

27. Plaintiffs both requested a copy of the official Presidential action terminating them. LeBlanc Decl. ¶ 15; Felten Decl. ¶ 14; LeBlanc Decl. Ex. B; Felten Decl. Ex. B.

28. Defendant Morse did not respond to Dr. Felten. Felten Decl. ¶ 14.

29. He responded to Mr. LeBlanc: "This email serves as the Presidential action." LeBlanc Decl. Ex. B.

4

30. Ms. Bradford Franklin was also purportedly terminated on Monday, January 27, 2025. *See* LeBlanc Decl. ¶ 18; Felten Decl. ¶ 17.

31. Defendant Morse's January 27 email did not identify any cause or offer any explanation for Plaintiffs' purported terminations. *See* LeBlanc Decl. ¶ 16; Ex. B; Felten Decl. ¶ 15; Ex. B.

32. The President has not informed Mr. LeBlanc in any other way that he believes that Mr. LeBlanc has committed neglect of duty or malfeasance or that there is any other cause for removal. *See* LeBlanc Decl. ¶ 17.

33. The President has not informed Dr. Felten in any other way that he believes that Dr. Felten has committed neglect of duty or malfeasance or that there is any other cause for removal. *See* Felten Decl. ¶ 16.

34. The President did not identify any cause for the termination of Ms. Bradford Franklin. *See* LeBlanc Decl. ¶ 8; Felten Decl. ¶ 7; PCLOB, *Press Release*, https://documents.pclob.gov/prod/Documents/EventsAndPress/994df0d6-6bae-4284-a95f-3f3699e0a0f0/PCLOB%20press%20release%20(1-27-25)%20-%20508%20Complete.pdf.

35. The President terminated all three Democratic members of the Board but did not terminate Ms. Williams, the sole Republican member of the Board. *See* LeBlanc Decl. ¶¶ 5, 18; Felten Decl. ¶¶ 4, 17.

36. Promptly after Plaintiffs received emails from Defendant Morse on Monday, January 27, Defendant Williams directed the Board to issue a press release stating that "the White House terminated Chair Sharon Bradford Franklin, and Members Ed Felten and Travis LeBlanc from their positions as of 5 p.m. last Thursday." *See* PCLOB, *Press Release*,

https://documents.pclob.gov/prod/Documents/EventsAndPress/994df0d6-6bae-4284-a95f-3f3699e0a0f0/PCLOB%20press%20release%20(1-27-25)%20-%20508%20Complete.pdf.

37. The PCLOB now lacks the quorum necessary to conduct its statutorily mandated functions. *See* 42 U.S.C. § 2000ee(h)(5).

38. Prior to their purported terminations, Plaintiffs were working on PCLOB's mandatory semi-annual report to Congress, a report on the use of facial recognition technology in aviation security, and a forthcoming report to Congress on Section 702 of the Foreign Intelligence Surveillance Act. *See* LeBlanc Decl. ¶ 20; Felten Decl. ¶ 19.

39. The statutory authorization for Section 702 is set to expire in April 2026. *See* LeBlanc Decl. ¶ 20; Felten Decl. ¶ 19.

40. Drafting the PCLOB's report on Section 702 will take many months and the report will need to clear an extensive accuracy and classification review. *See* LeBlanc Decl. ¶ 20; Felten Decl. ¶ 19.

41. If Plaintiffs are not reinstated, it is highly unlikely that the PCLOB's report on Section 702 will be completed before Congress is required to act on the Section 702 reauthorization. *See* LeBlanc Decl. ¶ 20; Felten Decl. ¶ 19.

Dated: March 12, 2025                    Respectfully submitted,

                                                      */s/ Elisabeth S. Theodore*
Elisabeth S. Theodore (D.C. Bar No. 1021029)
Daniel Yablon (D.C. Bar. No. 90022490)
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
elisabeth.theodore@arnoldporter.com
daniel.yablon@arnoldporter.com

Caleb Thompson*
ARNOLD & PORTER
   KAYE SCHOLER LLP
250 West 55th St.
New York, NY 10019
Tel: (212) 836-8000

*Counsel for Plaintiffs Travis LeBlanc and Edward Felten*

*application for admission pending