**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRAVIS LEBLANC, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD, et al.,<br><br>*Defendants*. | Civil Action No. 25-542 (RBW) |

**REDACTED SECOND SUPPLEMENTAL DECLARATION OF EDWARD FELTEN**

I, Edward Felten, declare as follows:

1. This declaration is based on my personal knowledge and belief. I am over eighteen years of age and competent to testify to the matters set forth herein. I submit this supplemental declaration pursuant to the Court's Order of May 9, 2025, and in opposition to the defendants' motion for summary judgment in this matter and in further support of the plaintiffs' motion for summary judgment.

2. PCLOB members (other than the chair) are compensated "at a rate of pay payable for a position at level IV of the Executive Schedule under section 5315 of title 5 for each day during which that member is engaged in the actual performance of duties of the Board." 42 U.S.C. § 2000ee(i)(1)(B). In 2025, the annual rate of basic pay for positions at level IV of the Executive Schedule is $195,200. *See* Office of Personnel Management, 2025 Executive & Senior Level Employee Pay Tables, https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2025/executive-senior-level.

3. Thus, my monthly compensation as a Board member by law could not exceed $16,267 per month even if I had worked full time as a Board member. Prior to my purported termination from the Board, I typically performed duties of the Board between 5 and 15 days per month, and my monthly compensation from Board duties was in fact significantly less than $16,267 per month.

4. Since January 11, 2019, I have been privately employed as Co-Founder and Chief Scientist at Offchain Labs, Inc., a position I have held concurrently with my part-time employment as a member of the Privacy and Civil Liberties Oversight Board. In my private employment at Offchain Labs, I earn an annual base salary of [redacted], which equates to [redacted] per month, or [redacted] every two weeks. My base salary at Offchain Labs is paid biweekly; I have received my biweekly pay from Offchain Labs for every pay period thus far in 2025; and I expect to continue to do so for the foreseeable future. Thus, my earnings in private employment significantly exceed the compensation I received as a part-time Board member.

5. Under the Back Pay Act, a wrongfully terminated federal employee is entitled, "on correction of the personnel action," to backpay in "an amount equal to all or part of the pay, allowances, or differentials, as applicable which the employee normally would have earned … less any amounts earned by the employee through other employment during that period." 5 U.S.C. § 5596(b)(1). Because the amounts I earned "through other employment" since my purported termination from the Board exceed "the pay … [I] normally would have earned" as a Board member, my understanding is that I would not be entitled to any monetary remedy under the Back Pay Act.

I declare under penalty of perjury of the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: May 11, 2025

Edward Felten

Edward Felten