IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS LEBLANC; EDWARD FELTEN,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-542-RBW |

## DEFENDANTS' MOTION TO STAY THE COURT'S ORDER PENDING APPEAL

Plaintiffs Travis LeBlanc and Edward Felten filed this action on February 24, 2025, ECF No. 1, challenging the President's decision to remove them as Members of the Privacy and Civil Liberties Oversight Board ("PCLOB") in January 2025. *See also* Am. Compl., ECF No. 8. On March 12, 2025, Plaintiffs filed a Motion for Summary Judgment, ECF No. 10. On May 21, 2025, the Court issued an order and memorandum opinion ("Op.") granting Plaintiffs' motion for summary judgment and denying Defendants' cross-motion for summary judgment. ECF No. 24 ("Op."); ECF No. 25 ("Order"). Specifically, the Court: (1) declared "that the terminations of the plaintiffs, Travis LeBlanc and Edward Felten, were unlawful, in violation of 42 U.S.C. § 2000ee, and therefore null and void"; (2) ordered "that the plaintiff Travis LeBlanc remains a member of the [PCLOB], having been appointed by the President and confirmed by the Senate to a term expiring on January 29, 2028, and he may be removed by the President prior to expiration of his term only for cause"; (3) ordered "that the plaintiff Edward Felten remains a member of the PCLOB, having been appointed by the President and confirmed by the Senate to a term expiring on January 29, 2025, and being eligible to serve at his discretion until either his successor is confirmed or one year after the date of the expiration of his current term, *i.e.*, January 29, 2026,

1

whichever occurs first, and he may be removed by the President prior to expiration of his holdover term only for cause or upon the confirmation of a successor to his position on the Board"; (4) enjoined defendants the Privacy and Civil Liberties Oversight Board, Beth A. Williams, Jenny Fitzpatrick, and Trent Morse, "as well as their subordinates, agents, and employees," from "treating the plaintiffs as having been removed from their positions as Board members of the [PCLOB] during their terms as members of the Board, and from taking any action that would deprive the plaintiffs of their ability to exercise the functions of their office during their terms as members of the PCLOB or deprive the plaintiffs of any right or benefit of that office during their terms as members of the PCLOB".  Order at 1-2.

This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants appealed the Court's order on May 27, 2025, *see* Notice of Appeal, ECF No. 26, and Defendants now respectfully move the Court to stay its order pending appeal.[1]

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

These factors weigh decisively in favor of a stay as demonstrated by the Supreme Court's decision to stay two district court orders that, like this Court's order here, immediately reinstated principal executive officers.  Specifically, on May 22, 2025, the Supreme Court granted a stay of orders from other courts in this district enjoining the President's removal of a member of the National Labor Relations Board (NLRB) and a member of the Merit Systems Protection Board (MSPB).  *See Trump v. Wilcox*, No. 24A966, 605 U.S. \_\_\_\_ (2025) ("*Wilcox* Stay Order").  The Supreme Court's decision in granting a stay supports the same result here.

*First*, Defendants have made a strong showing that they are likely to succeed on the merits.

---

[1] Defendants conferred with opposing counsel regarding this motion pursuant to Local Civil Rule 7(m).  Plaintiffs' counsel indicated that Plaintiffs oppose this motion.

The Supreme Court and the D.C. Circuit have repeatedly emphasized that absent a "specific provision to the contrary, the power of removal from office is incident to the power of appointment." *Carlucci v. Doe*, 488 U.S. 93, 99 (1988) (quoting *Keim v. United States*, 177 U.S. 290, 293 (1900)); *Severino v. Biden*, 71 F.4th 1038, 1043-44 (D.C. Cir. 2023). Here, this Court correctly concluded that no "specific provision to the contrary" provides a textual basis for restricting the President's removal authority. Op. at 21-29. The PCLOB statute therefore does not, as it must, contain "plain language to take … away" the President's removal authority over executive branch officers like plaintiffs. *Shurtleff v. United States*, 189 U.S. 311, 316 (1903)

The D.C. Circuit has nonetheless suggested that an agency's "structure and function" may indicate that Congress intended to include removal protections for that agency's leaders, *Severino*, 71 F.4th at 1044; *see id.* at 1047-49, and the Supreme Court once implied a for-cause removal restriction for members of the adjudicatory War Claims Commission in *Wiener v. United States*, 357 U.S. 349 (1958). This Court relied on the PCLOB's structure and function as an oversight body that produces reports for Congress to imply removal restrictions in this case. But the Supreme Court in *Collins v. Yellen* clarified that for an agency like the PCLOB that "is not an adjudicatory body," *Shurtleff*, rather than *Wiener*, "is the more applicable precedent." 594 U.S. 220, 250 n.18 (2021). And under *Shurtleff*, "the President holds the power to remove at will executive officers" and "a statute must contain 'plain language to take [that power] away'" (alteration in original)). *Id*. at 250 (quoting 189 U.S. at 316). The PCLOB, which is expressly housed "within the executive branch," 42 U.S.C. § 2000ee(a), is led by executive officers whose removal must be at will absent "plain language" to the contrary.

Further, Defendants respectfully submit that this Court erred in holding that the PCLOB does not exercise "any executive power beyond that of the [Federal Trade Commission] in 1935." Op. at 44. The PCLOB has "access" to records and personnel from "any department, agency, or element of the executive branch." 42 U.S.C. § 2000ee(g)(1)(A)-(B). And it "produc[es] advice for the President and to his delegees," which is "a quintessential example of a purely executive function." *Severino*, 71 F.4th at 1048; *see* 42 U.S.C. § 2000ee(d)(1), (d)(3). Indeed, the only

3

specific mentions of Congress are a sentence stating that "members of the Board shall appear and testify before Congress upon request," *id.* § 2000ee(d)(4), and a direction that the Board must submit semi-annual reports to both Congress *and* the President, *id.* § 2000ee(e)(1)B)(i)(I)-(II). The PCLOB's structure and function therefore resemble more closely the Council of the Administrative Conference of the United States in *Severino* than the War Claims Commission in *Wiener* or the Federal Trade Commission in *Humphrey's Executor*. The same result from *Severino* should therefore follow—Congress has not acted clearly to upend the settled default rule that the power to remove is incident to the power to appoint.

*Second*, Defendants will be irreparably harmed absent a stay, such that the balance of the equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that the balance of equities and public interest factors merge in cases involving the government). Last week in *Trump v. Wilcox*, the Supreme Court stayed orders reinstating members of the NLRB and MSPB, explaining that its "stay reflects our judgment that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Wilcox* Stay Order at 1. That same analysis controls here, as a "district court should not disregard the strong pronouncements of the Supreme Court." *Newdow v. Bush*, 391 F. Supp. 2d 95, 107 (D.D.C. 2005). The Court's order here closely resembles the orders that were stayed in *Wilcox*, effectively reinstating principal officers to lead an Executive Branch agency, and thus imposes the same harm on the Executive Branch.

For these reasons, the Court should grant a stay of its order pending resolution of Defendants' appeal.

Dated: May 28, 2025                                          Respectfully submitted,

                                                YAAKOV M. ROTH
*Acting Assistant Attorney General*

/s/ *Emily Hall*_____
EMILY HALL, D.C. Bar No. 1780317
*Counsel to the Assistant Attorney General*
Civil Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 307-6482
emily.hall@usdoj.gov

JEANINE FERRIS PIRRO
United States Attorney

DOUGLAS C. DREIER
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
Tel: (202) 252-2551


*Counsel for Defendants*

5