UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRAVIS LEBLANC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 25-542 (RBW) |
| UNITED STATES PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

On May 21, 2025, the Court granted the plaintiffs' motion for summary judgment after concluding that the President had unlawfully removed them from their positions as members of the Privacy and Civil Liberties Oversight Board (the "PCLOB" or "Board"). See Order at 1 (May 21, 2025), ECF No. 25; see generally LeBlanc v. U.S. Privacy & C.L. Oversight Bd., ___ F. Supp. 3d ___, 2025 WL 1454010 (D.D.C. May 21, 2025) (Walton, J.). Because the Court concluded that the plaintiffs' removal was unlawful, the Court granted them their requested declaratory judgment and permanent injunction, having found such relief to be both available and appropriate under the circumstances. See Order at 1 (May 21, 2025); see LeBlanc, ___ F. Supp. 3d at ___, 2025 WL 1454010, at *1. Currently pending before the Court is the Defendants' Motion to Stay the Court's Order Pending Appeal ("Defs.' Mot."), ECF No. 28, which the plaintiffs oppose, see Plaintiffs' Opposition to Defendants' Motion for Stay Pending Appeal at 1, ECF No. 29. For the following reasons, the Court concludes it must deny the defendants' motion.

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)). Rather, the decision to grant a stay is "an exercise of judicial discretion," id. (quoting Virginian Ry. Co., 272 U.S. at 672–73), based on "the circumstances of the particular case[,]" id. (quoting Virginian Ry Co., 272 U.S. at 672–73). Thus, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–34 (citations omitted). Specifically, in assessing whether to grant a stay, the Court must consider:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The first two factors . . . are the most critical." Id. "Irreparable harm must be 'both certain and great[,]' and 'actual and not theoretical.'" Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n, 904 F.3d 1014, 1019 (D.C. Cir. 2018) (quoting Wis. Gas Co. v. Fed. Energy Regul. Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985)).

The defendants first argue that they are likely to succeed on the merits because although the District of Columbia Circuit has held that an agency's "structure and function" may indicate removal protections absent an express textual removal protection, the PCLOB is "not an adjudicatory body[,]" Defs.' Mot. at 3 (quoting Collins v. Yellen, 594 U.S. 220, 250 n.18 (2021)), and thus, under a different line of precedent, PCLOB members may be removed at will absent "plain language" to the contrary, id. Moreover, the defendants also argue that the PCLOB's structure and function resembles that of the Council of the Administrative Conference

of the United States, rather than the War Claims Commission or the Federal Trade Commission. See id. at 4.

The defendants further argue that the Court "erred in holding that the PCLOB does not exercise 'any executive power beyond that of the [Federal Trade Commission] in 1935[,]'" id. at 3 (quoting Leblanc, ___ F. Supp. 3d at ___, 2025 WL 1454010, at *22), because the PCLOB: (1) "has 'access' to records and personnel from 'any department, agency, or element of the executive branch[,]'" id. (quoting 42 U.S.C. § 2000ee(g)(1)(A)–(B)); and (2) "'produc[es] advice for the President and to his delegees,' which is 'a quintessential example of a purely executive function[,]'" id. (quoting Severino v. Biden, 71 F.4th 1038, 1048 (D.C. Cir. 2023)) (citation omitted).

Neither of these arguments is persuasive. First, as the Court explained in its Memorandum Opinion, despite the lack of an express removal provision in the PCLOB's organic statute, the Board's "structure and function clearly" indicated Congress's intent to protect members of the Board from at-will removal. See Leblanc, ___ F. Supp. 3d at ___, 2025 WL 1454010, at *19. In reaching this conclusion, the Court distinguished at length the Council of the Administrative Conference of the United States, see id. at ___–___, 2025 WL 1454010, at *15–18, and thus, the defendants' attempts to rehash their arguments on this point must be rejected.

And, to the extent that the defendants seek to rely on Shurtleff v. United States, 189 U.S. 311 (1903), for the proposition that such "structure and function" does not apply to non-adjudicatory bodies—an argument the defendants did not raise anywhere in their summary judgment briefing, see generally Memorandum of Points and Authorities in Support of Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for

3

Summary Judgment, ECF No. 12-1; Defendants' Reply in Further Support of Cross-Motion for Summary Judgment, ECF No. 18—this case is not on point.  In Shurtleff, the Supreme Court was confronted with the removal of a "general appraiser[] of merchandise[,]" 189 U.S. at 312, not a member of a nonpartisan, multi-member, expert board modeled after the 1935 Federal Trade Commission.  And, although the Supreme Court in Collins noted that Shurtleff appeared to be the "more applicable precedent[]" regarding the Federal Housing Finance Agency ("FHFA"), 594 U.S. at 250 n.18, the FHFA was an agency managed by a single Director, not a traditional, multi-member board as here, see id. at 248 ("When a statute does not limit the President's power to remove an agency head, we generally presume that the officer serves at the President's pleasure.") (emphasis added) (citing Shurtleff, 189 U.S. at 316).

Second, although the defendants take issue with the Court's conclusions regarding the PCLOB's lack of executive power, and cite the Supreme Court's decision staying two district court orders reinstating officers of other independent agencies, see Trump v. Wilcox, ___ S. Ct. ___, 2025 WL 1464804, at *1 (May 22, 2025), the Supreme Court in that case emphasized that its decision was based on its conclusion that the government was likely to succeed in arguing that the two agencies at issue—the National Labor Relations Board and the Merit Systems Protection Board—"exercise considerable executive power[,]" id. (emphasis added).  However, as the Court concluded in its Memorandum Opinion, the PCLOB has no "authority to compel or otherwise bind the Executive Branch to do or cease doing anything, nor does it have any such authority over any other governmental or private entities[,]" Leblanc, ___ F. Supp. 3d at ___, 2025 WL 1454010, at *23, and it does not "adjudicate claims, engage in rulemaking, or have the power to impose any form of punishment[,]" id. (citation omitted).  And, although the defendants argue that the PCLOB's access to records and personnel in the Executive Branch, and its advice to

4

Executive Branch officials, collectively amount to exercises of executive power, the Court already dispatched these arguments in its Memorandum Opinion, concluding that any "investigative powers" it may have "are clearly in support of the Board's 'specified duties as a legislative . . . aid."[1] Id. (quoting Seila L. LLC v. Consumer Fin. Prot. Bureau, 591 U.S. 197, 215 (2020)).

Nor have the defendants shown that they will be irreparably harmed absent a stay in this case, or that the balance of equities weighs in favor of granting a stay pending appeal. The defendants argue, citing the Supreme Court's order in Wilcox, that "the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being able to perform her statutory duty." Defs.' Mot. at 4 (quoting Wilcox, ___ S. Ct. at ___, 2025 WL 1464804, at *1). However, although the defendants argue that the "same analysis controls here[,]" id., that is not so. As indicated above, the Supreme Court's decision in Wilcox involved agencies that were said to exercise "considerable executive power[,]" Wilcox, ___ S. Ct. at ___, 2025 WL 1464804, at *1, which is not the case with the PCLOB. Indeed, because the PCLOB may only make recommendations, which Congress and the Executive Branch are free to adopt or ignore, allowing the PCLOB members to continue to serve their terms pending appeal will not have a disruptive impact on the Executive Branch, nor will it require—should the plaintiffs be removed upon the final disposition of this matter—for example, "unwinding or disgorging hundreds of millions of dollars that have already changed hands[,]" Collins, 594 U.S. at 283 (Gorsuch, J., concurring), or any other actions of that magnitude. And, to the contrary, as the Court concluded in its Memorandum Opinion, the plaintiffs would suffer irreparable harm absent being granted

---

[1] Indeed, it is telling that the defendants no longer argue that the PCLOB can enforce or issue subpoenas, as they did at summary judgment. See id.

injunctive relief due to the deprivation of their statutorily-mandated right to function as members of the Board, and the related harms arising out of the Board's inability to function absent a quorum.  See Leblanc, ___ F. Supp. 3d at ___, 2025 WL 1454010, at *32.

Finally, the defendants have failed to establish that the balance of equities and the public interest counsel in favor of a stay, especially in light of the Court's conclusion that there is a

> substantial public interest in the effective oversight of the government's counterterrorism actions and authorities, which is furthered by independent, candid, and expert advice being provided to the President, as well as to Congress as it debates reauthorizing important—yet controversial—authorities that have significant potential impact on privacy and civil liberties.

Id.  Indeed, this is a subject the defendants do not address, as it is irrefutable that the PCLOB cannot function as envisioned by Congress without a quorum.  Rather, as now staffed, it cannot be expected that objective and non-partisan insight will be provided to the President, Congress, and the American public that Executive Branch actions are not compromising privacy and civil liberties interests, which is the core mandate given to the PCLOB by Congress.

Based on the above factors, the Court concludes that the defendants have not established that they are entitled to a stay of the Court's order pending appeal.  Accordingly, it is hereby

**ORDERED** that the Defendants' Motion to Stay the Court's Order Pending Appeal, ECF No. 28, is **DENIED**.

**SO ORDERED** this 29th day of May, 2025.

REGGIE B. WALTON
United States District Judge